**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT M. CRUZ,** | ) | **CASE NOS.  1:16CV1551; 1:11CR87** |
| | ) | |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Robert Cruz's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  Doc. 39. Upon review, the petition is hereby STAYED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) provides as follows:  "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the … date on which the judgment of conviction becomes final[.]"  In the alternative, the date may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

1

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[1]

## II. LAW AND ARGUMENT

In the instant matter, to resolve the petition this Court must determine whether *Johnson v. United States*, 125 S.Ct. 2551 (2015) applies retroactively under the circumstances presented herein. *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. Petitioner, however, was not sentenced under the ACCA. Instead, he raises a challenge to an identically-worded portion of the sentencing guidelines, the residual clause of U.S.S.G. § 4B1.2 – a challenge recognized as viable by the Sixth Circuit in *United States v. Pawlak*, 2016 Wl 2802723 (6th Cir. May 13, 2016).

On July 29, 2016, the Sixth Circuit was confronted with this precise question and reached a conclusion, albeit one not resolving the issue. *See In re: Alford D. Embry*, __F.3d ___, Case No. 16-5447 (6th Cir. July 29, 2016). While the Court in *Embry* ultimately authorized the filing of a successive petition, it did so only after noting the much lower bar that needed to be cleared to grant such relief. The Court then concluded: "All things considered, it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and ask the district courts to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*. After the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently." *Id.* The Court then transferred the successive petition back to the district court "to be held in abeyance pending the Supreme Court's decision in *Beckles v. United States.*" *Id.*

---

[1] The remaining dates contained in the other subsections are inapplicable herein.

2

This Court finds no basis to stray from the recommendation of the Sixth Circuit. Accordingly, the instant petition is hereby STAYED.  The matters will be immediately addressed following the resolution of *Beckles*.

**IT IS SO ORDERED.**

Dated: August 17, 2016             /**s**/ *John R. Adams*
                                    **JOHN R. ADAMS**
                                    **UNITED STATES DISTRICT JUDGE**